**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**JOHNSTOWN DIVISION**

| | |
|---|---|
| JUAN RAMON GARCIA ZAVALA,<br>*Plaintiff*,<br>v.<br>IMMIGRATION AND CUSTOMS ENFORCEMENT and the DEPARTMENT OF HOMELAND SECURITY<br>*Defendants*. | **Case No. ____________**<br><br>**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

Plaintiff Juan Ramon Garcia Zavala ("Mr. Garcia Zavala"), by and through counsel, submitted a Freedom of Information Act (FOIA) request (the "Request") to Defendant, Immigration and Customs Enforcement (ICE) on July 31, 2024. The request sought, *inter alia*, all ICE records related to Mr. Garcia Zavala's identification as a suspected or alleged gang member—records critical to his applications for protection from deportation before an immigration judge. Because Mr. Garcia Zavala is detained with upcoming hearings in immigration court, he sought and ICE granted expedited treatment of his request. However, nearly six months later, as of the time of this filing, Defendants have failed to make a determination on the substance of the Request, have failed to disclose the requested records within the time prescribed by FOIA, are unlawfully withholding records, and as such, have prolonged Mr. Garcia Zavala's detention and prejudiced his due process rights. Plaintiff now files this action for declaratory, injunctive, and other appropriate relief under the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 5 U.S.C. §§ 552(a)(4)(B), (6)(C)(i), and 28 U.S.C. § 1331.
2. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because Plaintiff, detained at Moshannon Valley Processing Center (Moshannon), resides in this district.
3. Venue is also proper in this Court under 5 U.S.C. § 552(a)(4)(B) because agency records responsive to Plaintiff's request are situated in this district.

## PARTIES

4. Plaintiff Mr. Garcia Zavala is the requestor and subject of record regarding this Request.
5. Defendant ICE is a component agency of the Department of Homeland Security (DHS) and an agency of the United States under 5 U.S.C. § 552(f)(1). Among its duties, ICE is responsible for immigration enforcement, which includes detention and removal of noncitizens. Upon information and belief, ICE and its component branches have responsive records, including detention files related to Mr. Garcia Zavala in their possession, custody, and control. Defendant ICE is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.
6. Defendant DHS is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). DHS is responsible for enforcing federal immigration laws. Upon information and belief, DHS and its component branches have responsive records in their possession, custody, and control. Defendant DHS is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.

**STATEMENT OF FACTS**

7. Plaintiff Mr. Garcia Zavala has been detained in ICE custody at Moshannon Valley Processing Center in Pennsylvania since April 2024 and is currently seeking protection from removal before an Immigration Judge based on his fear of persecution or torture upon returning to his native country of El Salvador.'

8. In April 2024, when ICE officers detained him in Maryland, these officers informed Mr. Garcia Zavala that ICE records indicated he was a gang member.

9. On May 17, 2024, Mr. Garcia Zavala had a Reasonable Fear Interview (RFI), where he explained his fear of returning to El Salvador. During that interview, the asylum officer stated that DHS records indicated that he may be a member of the MS-13 gang.

10. On June 3, 2024, Mr. Garcia Zavala, *pro se*, sent a letter titled "Freedom of Information Act and Privacy Request Act" to DHS and its Office of Chief Counsel (OPLA) indicating that he had learned he was "tagged" as an MS-13 gang member and requested access to records about himself in DHS's possession from October 14, 2024, to April 25, 2024. He specifically requested this information so that he could "defend himself as he exercises his right to due process." *See* Exhibit A, Pro Se FOIA Request.

11. In July 2024, after obtaining pro bono counsel and through his attorney, Mr. Garcia Zavala again attempted to obtain his immigration records—specifically information related to the purported gang allegations by: requesting them from DHS OPLA (opposing counsel in his removal proceedings) for the records, filing FOIA requests with the Executive Office of Immigration Review (EOIR), the United States Citizenship and Immigration Services (USCIS), and the subject of the instant matter—a FOIA request to ICE.

12. On July 4, 2024, John Ellington, an OPLA attorney, acknowledged receipt of Mr. Garcia Zavala's June 3, 2024 request, but rebuffed the request in an email to Mr. Garcia's counsel stating, "As you know we are not FOIA officers" and advised that "the A file is not in our possession but at the National Records Center." *See* Ex. B, Email Exchange with OPLA.

13. On July 31, 2024, through counsel, Mr. Garcia Zavala submitted a FOIA request to ICE via its Secure Release platform seeking "any documents, records, or database entries in possession of ICE related to Mr. Garcia Zavala's identification as a gang member." The request also sought expedited processing, which the agency granted. *See* Exhibit C, ICE FOIA Request.

14. On August 9, 2024, ICE issued a receipt notice and tracking number 2024-ICFO-49447 for Mr. Garcia Zavala's July 5, 2024 Request. In its receipt notice, ICE invoked the "unusual circumstances" exception, permitting ICE a ten-day extension for responding to the Request, pursuant to 5 U.S.C. § 552(a)(6)(B). The receipt also states that it had "queried the appropriate program offices within ICE for responsive records." *See* Exhibit C, ICE FOIA Receipt.

15. On August 12, 2024, EOIR released records in response to Mr. Garcia Zavala's request.

16. On September 18, 2024, USCIS issued its response, releasing partial records to Mr. Garcia Zavala.

17. Neither of the responses from EOIR nor USCIS contained relevant information about Mr. Garcia Zavala's alleged gang membership.

18. After receiving these responses, Plaintiff's counsel again contacted OPLA requesting records relating to DHS' gang allegation against Mr. Garcia Zavala. OPLA declined to

disclose any, indicating that Mr. Garcia Zabala would only receive what DHS filed with its evidentiary packet to the Immigration Court. *See* Exhibit D, Second Email exchange with OPLA.

19. Having exhausted the administrative vehicles available to him but still lacking the critical records in DHS's possession related to his removal, On October 31, 2024, Mr. Garcia Zavala filed a motion for subpoena with the Immigration Court pursuant to 8 C.F.R. § 1240.2(a); INA § 240(c)(2). Exhibit E, Motion for Subpoena filed with Immigration Court.

20. Despite having clear statutory and regulatory authority to grant the subpoena and require DHS to disclose the records (and lacking any authority under FOIA), on November 20, 2024, the Immigration Judge denied the subpoena holding that "the respondent has not established that he has made a diligent effort, without success, to produce the information sought. . . . DHS-ICE has expedited the FOIA request, which has been pending for approximately 3 months and 20 days. *Because the FOIA request will likely be adjudicated in the reasonably foreseeable future*, the Court will deny the motion[.]" Exhibit F, IJ Order on Subpoena Motion (emphasis added).

21. The Immigration Judge then continued Mr. Garcia Zavala's case for four months to March 17, 2024, substantially delaying Mr. Garcia Zavala's access to potential protection from removal and his detention in harsh conditions, hundreds of miles from his family in Maryland. Exhibit G, Rescheduled Individual Hearing.

22. Under FOIA, an agency is required to make an initial "determination" with regard to a request within twenty business days of its receipt. See 5 U.S.C. § 552(a)(6)(A)(i).

23. If there are "unusual circumstances," as defined by statute, an agency may extend the time to make its determination by no more than ten working days. See 5 U.S.C. § 552(a)(6)(B)(i). With the extension, the deadline for ICE to respond to the Request was August 9, 2024, at the latest.

24. As of the date of filing this complaint, ICE has not made a determination on Plaintiff's request.

25. As of the date of filing this complaint, ICE has not identified to Plaintiff the number of applicable responsive documents, nor any redactions, withholdings, exemptions, or agency referrals.

26. Defendants have custody and maintain records in both paper and digital form for individual noncitizens, including records that may be responsive to Plaintiff's request.

27. As of the date of filing this complaint, ICE has not produced a single responsive record related to Plaintiff's request.

28. More than 30 working days have passed since Plaintiff filed the Request. Thus, the statutory time period for ICE to respond has elapsed.

29. Because Defendants have failed to respond to Plaintiff's Request within the applicable statutory period, any administrative remedies are deemed exhausted. 5 U.S.C. § 552(a)(6)(C)(i).

## CAUSES OF ACTION

### COUNT ONE

### Violation of the Freedom of Information Act, 5 U.S.C. § 552, for Failure to Respond Within the Time Required

30. Plaintiff repeats the allegations in paragraphs 1-32 and incorporates them as though fully set forth herein.

31. Under the FOIA, Defendants were required to respond to Plaintiff's Request and to notify Plaintiff of the agency's determination within thirty working days of receiving the request. 5 U.S.C. § 552(a)(6)(A), (6)(B).

32. Defendants' failure to make the requisite determination, to communicate it to the Plaintiff, and to produce responsive records within the time allowed by the statute violates the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

**COUNT TWO**

**Violation of the Freedom of Information Act, 5 U.S.C. § 552, for Failure to Conduct an Adequate Search**

33. Plaintiff repeats the allegations in paragraphs 1-32 and incorporates them as though fully set forth herein.

34. Defendants have violated their obligation under the FOIA by failing to make a reasonable effort to search for records responsive to Plaintiff's Request. 5 U.S.C. § 552(a)(3)(C).

**COUNT THREE**

**Violation of the Freedom of Information Act, 5 U.S.C. § 552, for Wrongful Withholding of Records**

35. Plaintiff repeats the allegations in paragraphs 1-32 and incorporates them as though fully set forth herein.

36. Defendants are wrongly withholding agency records by failing to produce non-exempt records responsive to Plaintiff's Request and by failing to segregate and produce non-exempt records responsive to Plaintiff's Request.

37. Defendants are obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to the Plaintiff's Request.

38. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendants' failure to disclose them.

39. Defendants' failure to disclose all responsive records violates their statutory obligations to make requested records promptly available to the public. *See* 5 U.S.C. § 552(a).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Assume jurisdiction in this matter and maintain jurisdiction until Defendants comply with FOIA and every order of this Court;
2. Declare that Defendants' failure to make a timely determination regarding Plaintiff's FOIA request violates the Freedom of Information Act, 5 U.S.C. §§ 552(a)(6)(A)(i) and (B);
3. Declare that Defendants' failure to promptly disclose the records responsive to Plaintiff's Request violates the FOIA, 5 U.S.C. § 552(a)(3)(A);
4. Order Defendants to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA Request in accordance with 5 U.S.C. 552(a)(3)(C);
5. Order Defendants to expeditiously disclose all responsive, non-exempt records and enjoin Defendants from improperly withholding records;
6. Award Plaintiff attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and
7. Grant such other relief as the Court may deem just, equitable, and appropriate.

Date: December 20, 2024

Respectfully submitted,

*/s/ Daniel Melo*
Daniel Melo
NC Bar # 48654
Amica Center for Immigrant Rights
1025 Connecticut Ave NW Ste. 701
Washington, DC 20036
Tel: (202) 916-8180
Fax: (202) 331-3341
Daniel.Melo@caircoalition.org
*Pro Bono Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I, undersigned counsel, hereby certify that on this date, I filed this complaint and all attachments using the CM/ECF system. I will furthermore send true copies by USPS Certified Priority Mail to the following individuals:

Office of the General Counsel
U.S. Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, DC 20528-0485

Department of Homeland Security
Immigration & Customs Enforcement
Office of the Principal Legal Advisor
500 12th Street, SW Washington, DC 20530

Eric Olshan, U.S. Attorney
c/o Civil Process Clerk
U.S. Courthouse
700 Grant St, Suite 4000
Pittsburgh, PA 15218

Date: December 20, 2024

Respectfully submitted,

*/s/ Daniel Melo*

Daniel Melo
NC Bar # 48654
Amica Center for Immigrant Rights
1025 Connecticut Ave NW Ste. 701
Washington, DC 20036
Tel: (202) 916-8180
Fax: (202) 331-3341
Daniel.Melo@caircoalition.org
*Pro Bono Counsel for Plaintiff*