# Exhibit E

Laura M. Lorenzo
EOIR ID CC087342
Amica Center for Immigrant Rights
1025 Connecticut Ave N.W., Ste 701
Washington, D.C. 20036
(771) 208-4080
laura.lorenzo@amicacenter.org

*Pro bono* counsel for Respondent

**DETAINED**

**U.S. DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**ELIZABETH, NEW JERSEY**

*In the matter of* )
)
GARCIA ZAVALA, Juan Ramon ) File No: A [redacted]
)
*In withholding only proceedings* )
)

Immigration Judge: Adam Panopoulos    Individual Hearing: November 20, 2024

**RESPONDENT'S MOTION FOR SUBPOENA**

**U.S. DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**ELIZABETH, NEW JERSEY**

*In the matter of* )
)
GARCIA ZAVALA, Juan Ramon ) File No: A [redacted]
)
*In withholding only proceedings* )
)

**RESPONDENT'S MOTION FOR SUBPOENA**

Respondent, Juan Ramon Garcia Zavala ("Mr. Garcia Zavala"), through undersigned *pro bono* counsel and pursuant to 8 C.F.R. § 1003.35(b) and Immigration Court Practice Manual Chapter 4.20, respectfully moves the Court for a subpoena of relevant, probative information from Immigration & Customs Enforcement (ICE) that Mr. Garcia Zavala cannot access despite his diligent efforts. As grounds he offers the following:

1. Mr. Garcia Zavala fears persecution or torture based in part on his belief that he will be labeled as a gang member by the Salvadoran government due to his criminal history in the U.S and his labeling as a gang member by the US. government. Such information is shared through the Criminal History Information Sharing (CHIS) agreement between the U.S. and Salvadoran governments.[1]
2. In April 2024, Mr. Garcia Zavala was arrested in front of his home. He was taken to Baltimore.[2] One of the arresting officers, an ICE officer, kept telling Mr. Garcia Zavala that he did not look like a gang member and kept asking him why they said he was. He informed Mr. Garcia Zavala that they had records where it said he was a gang member, but

[1] *See* Respondent's Pre-Hearing Brief in Support of his Application of Relief and Supporting Evidence concurrently filed with this Motion.
[2] Tab A, U.S. Department of Homeland Security, Immigration and Customs Enforcement, Record of Sworn Statement

that he did not think he looked like one. Mr. Garcia Zavala was taken into ICE custody, to Moshannon Valley Processing Center.

3. On May 17, 2024, Mr. Garcia Zavala had a Reasonable Fear Interview (RFI), where he explained his fear of returning to El Salvador.[3] During the RFI, the asylum officer conducting the interview informed Mr. Garcia Zavala that according to their records, he may be a member of the MS-13 gang.[4]

4. Mr. Garcia Zavala respectfully moves this court to subpoena ICE, the Deportation Officer Markel Davis, from the ICE Office in Baltimore, Mr. Christopher Montanez, the asylum officer from the Arlington Asylum Office (ZAR) who conducted the reasonable fear interview, and any relevant documents that led these officers to assert Mr. Garcia Zavala appears to be a member of the MS-13 gang or any other gang.

5. Under C.F.R. § 1003.35(b)(2), a party moving for a subpoena is required to explain what it "expects to prove by such witnesses or documentary evidence, and to show affirmatively that he or she has made diligent effort, without success, to produce the same." In this case, the documentation and witnesses at issue have material evidence regarding Mr. Garcia Zavala's case, in particular, his designation as a gang member which is the basis of his fear of returning to El Salvador under the current country conditions. Diligent efforts have been made to produce the documents, which are entirely within the Department's custody and control.

6. On June 3rd, 2024, Mr. Garcia Zavala *pro se*, sent a letter to the Department of Homeland Security ("DHS")/ Office of Chief Counsel indicating he had learned he was "tagged" as a MS-13 gang member and requesting access to his information from October 14, 2014 –

---

[3] Reasonable Fear Interview filed by DHS on May 22, 2024.
[4] *Id.* at page 25 of 54.

April 25. 2024. He specifically requested this information so that he could "defend himself as he exercises his right to due process".[5] Mr. Garcia Zavala entitled his letter "Freedom of Information Act and Privacy Request Act". On June 17, 2024, undersigned counsel entered her appearance before this court.

7. On July 3, 2024, undersigned counsel emailed OPLA requesting Form I-213 and the rest of Mr. Garcia Zavala's A-file. OPLA duty attorney replied and explained they had received Mr. Garcia Zavala's request for evidence related to his case but indicated that they were not FOIA officers. In connection with undersigned counsel's request, they indicated that they did not possess Mr. Garcia Zavala's A-file and did not share Form I-213.[6]

8. On July 8, 2024, undersigned counsel filed a FOIA request with EOIR. On August 12, 2024, EOIR released the files.[7] The released files were related to Mr. Garcia Zavala's 2014 removal proceedings, and there was no mention of Mr. Garcia Zavala as having been labeled as a gang member at that time.

9. On July 31, 2024, undersigned counsel filed a FOIA request with ICE.[8] In particular, undersigned counsel requested "deportation records, including but not limited to Form I-213; and any documents, records or database entries in possession of ICE related to Mr. Garcia Zavala's identification as a gang member". ICE referred portions of the request to the USCIS FOIA Officer for processing.[9] Furthermore, ICE granted expedited treatment to the request.[10] USCIS issued its response on September 18, 2024, and to this date ICE has not issued a response.

---

[5] Tab B, Letter to DHS from Mr. Garcia Zavala Pro se.
[6] Tab C, email exchange with OPLA York dated July 2024.
[7] Tab D, EOIR FOIA request.
[8] Tab E, ICE FOIA Request.
[9] Tab F, ICE FOIA Response referring portions of the request to USCIS.
[10] Tab G, ICE FOIA Response granting expedited treatment.

10. The USCIS FOIA response contains portions of Mr. Garcia Zavala's A-file. Among the released files is Form I-213 dated April 25, 2024. However, it contains substantial redactions to the criminal history and apprehension portions.[11]

11. With the exact information related to the most recent Form I-213, undersigned counsel reached out to OPLA once again on September 30, 2024, and requested a copy of the document. The duty attorney, however, declined the request indicating that we would receive a copy of the DHS' packet once filed.[12]

12. Finally, in a last effort to obtain a complete copy of Form I-213, undersigned counsel filed a FOIA appeal with USCIS dated October 23, 2024. The appeal is still pending.[13]

13. The requested evidence is within the Department's exclusive custody and control, and Mr. Garcia Zavala bears the burden of presenting evidence which he cannot access. Courts, the Board of Immigration Appeals, and the statutory scheme of the INA have, in other contexts, required the Department of Homeland Security to provide respondents with the documents within their custody and control when due process considerations demand it. *See, e.g.* 8 C.F.R. § 1240.2(a); INA § 240(c)(2). For example, in *Matter of M-A-M-,* recognizing removal hearings must satisfy principles of fundamental fairness, the Board found the DHS has an obligation to provide the court with relevant materials in its possession that would inform the court about the respondent's mental competency. 25 I&N Dec. 474 (BIA 2011). The Board cited to the discussion in *Matter of S-M-J-* describing the government's obligation to present country conditions or other reports in the government's possession to aid EOIR in assessing a claim because it is in the interests of justice. 21 I&N Dec. 722,

---

[11] Tab H, I-213 as released by USCIS.
[12] Tab I, E-mail exchange with OPLA dated September 30, 2024.
[13] Tab J, FOIA Appeal as filed with USCIS.

Uploaded on: 10/31/2024 at 3:05:48 PM (Eastern Daylight Time) Base City: ELZ

726-27 (BIA 1997) ("Immigration enforcement obligations do not consist only of initiating and conducting prompt proceedings that lead to removals at any cost. Rather, as has been said, the government wins when justice is done."). This obligation should include the disclosure of information probative of future persecution over which the Department has exclusive custody and control.

7. Respondents also have a mandatory access right to the contents of their alien files under INA § 240(c)(2). The Ninth Circuit found in *Dent v. Holder,* that the Department of Homeland Security had an affirmative obligation to provide the respondent with a copy of their alien files without requiring the respondent to first attempt to obtain those documents through FOIA. 627 F.3d 365 (9th Cir. 2010). The Court reasoned that the interests of justice were frustrated and the respondent's due process rights were violated when the Service forced that respondent to attempt to litigate his case while simultaneously withholding from him the information necessary to litigate it. *Id.*

8. Indeed, that statute explicitly provides that a respondent shall have access to documents that are within the exclusive custody and control of the U.S. government, specifically any document or record relating to admission or presence in the United States. INA § 240(c)(2). The reason this statute creates an affirmative obligation on the part of the Department to supply a respondent with this evidence is because it is the respondent who bears the evidentiary burden, and such evidence is critical to meeting that burden.

9. When the Department fails to provide evidence to which a respondent is entitled, the result is "[u]necessary delay, an additional written decision by the BIA, and an additional appeal." *Totimeh v. A.G.*, 666 F. 3d 109, 112-113 (3d Cir. 2012). Therefore, judicial

Uploaded on: 10/31/2024 at 3:54:46 PM (Eastern Daylight Time) Base City: ELZ

efficiency further mandates that the Department be compelled to produce the requested evidence.

10. Mr. Garcia Zavala will be denied a fundamentally fair hearing in violation of his constitutional and statutory rights if he is prevented from presenting significant, relevant, and probative evidence which is in the Department's exclusive possession.

WHEREFORE, Mr. Garcia Zavala respectfully requests the Court issue a subpoena requiring Philadelphia ERO Field Office Director[14], the Deportation Officer from the Baltimore Office signing the record of sworn statement, and the Arlington Asylum Officer that conducted Mr. Garcia Zavala's reasonable fear interview to produce all information concerning the respondent

Respectfully submitted this 31st day of October, 2024,

Laura Lorenzo
*Pro bono counsel for the Respondent*

[14] Should the court grant the subpoena Mr. Garcia Zavala is open to conferring with OPLA for an alternate designee who is able to produce the records.

## Table of Contents


| Tab | Description | Pages |
|---|---|---|
| A | U.S. Department of Homeland Security, Immigration and Customs Enforcement, Record of Sworn Statement | 1-4 |
| B | Letter to DHS from Mr. Garcia Zavala *pro se* | 5-7 |
| C | E-mail exchange with OPLA York dated July 2024 | 8-9 |
| D | EOIR FOIA Request | 10-13 |
| E | ICE FOIA Request | 14-15 |
| F | ICE FOIA Response referring portions of the request to USCIS | 16-17 |
| G | ICE FOIA Response granting expedited treatment | 18-19 |
| H | Form I-213 as released by USCIS. | 20-23 |
| I | E-mail exchange with OPLA dated September 30, 2024 | 24-25 |
| J | FOIA Appeal as filed with USCIS | 26-35 |